UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:14CV01916 ERW |
| CHRISTOPHER MURRAY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e)(2)(B) because it is legally frivolous and duplicative.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff seeks monetary relief in this action against defendants Christopher Murray (Police Officer), Sam Dodson (Chief of Police), and the City of St. Louis. Plaintiff alleges that Officer Murray unconstitutionally searched, arrested, and imprisoned him on October 25, 2009, and used excessive force when making the arrest. In addition, plaintiff summarily alleges that the City of St. Louis has a custom and practice of allowing police officers to make warrantless arrests for misdemeanors and allows its agents to falsely arrest and imprison citizens, particularly in areas that are predominantly African American or low income.

Although plaintiff has failed to state the jurisdictional grounds for filing this action in Federal Court, the Court will liberally construe the complaint as having been brought under 42 U.S.C. § 1983.

## Discussion

After carefully reviewing plaintiff's allegations, the Court concludes that the complaint is legally frivolous. Plaintiff is suing Officer Murray and Chief Dodson in their official capacities as a St. Louis City Police Officer and Chief of Police, respectively. See Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995) (where a complaint is silent about defendant's capacity, Court must interpret the complaint as including official-capacity claims); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, a plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). Legal conclusions and threadbare recitals of the elements of a cause of action that are supported by mere conclusory

statements are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. at 1950-51. The instant complaint does not contain any non-conclusory allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As such, the Court will dismiss this action as legally frivolous and for failure to state a claim upon which relief can be granted with regard to Officer Murray, Chief Dodson, and the City of St. Louis.

The allegations in the complaint are duplicative of the allegations plaintiff brought in the cases Phillips v. Murray, 4:14CV315 (E.D. Mo.), and Phillips v. Murray, 4:13CV1438 (E.D. Mo.), Phillips v. Murray, 4:13CV795 (E.D. Mo.), all three of which the Court dismissed pursuant to 28 U.S.C. § 1915(e). As a result, the complaint is duplicative and is dismissible for this reason as well. E.g., Cooper v. Delo, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal will be filed forthwith.

So Ordered this 25th day of November, 2014.

E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE